UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGRI EXOTIC TRADING, INC., | Case No. 20-cv-4804 |
| Plaintiff, | **COMPLAINT** |
| - against - | |
| CLINTON HALL HOLDINGS, LLC, DREAMY BURGERS AND BEER 51, LLC, GREAT BEER, FOOD AND GAMES, LLC, SWEET 36 HOSPITALITY, LLC, T.B. FULTON 2, LLC and ARISTOTLE G. HATZIGEORGIOU, | |
| Defendants. | |

Plaintiff Agri Exotic Trading, Inc. ("Plaintiff"), by and through undersigned counsel, as and for its complaint against defendants Clinton Hall Holdings, LLC ("Clinton Hall"), Dreamy Burgers and Beer 51, LLC ("Dreamy Burgers"), Great Beer, Food and Games, LLC ("Great Beer"), Sweet 36 Hospitality, LLC ("Sweet 36"), T.B. Fulton 2, LLC ("T.B. Fulton"), and Aristotle G. Hatzigeorgiou ("Hatzigeorgiou") (Clinton Hall, Dreamy Burgers, Great Beer, Sweet 36, T.B. Fulton and Hatzigeorgiou collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA") and 28 U.S.C. § 1331.

2. Venue in this district is based on 28 U.S.C. § 1391 in that some of the defendants reside in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

3.     Plaintiff Agri Exotic Trading, Inc. is a New Jersey corporation having a principal place of business in Clifton, New Jersey, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4.     Defendant Clinton Hall is a New York limited liability company having its principal place of business in New York, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce, and was at all relevant times subject to licensure under the provisions of PACA as a dealer.

5.     Defendant Dreamy Burgers is a New York limited liability corporation having its principal place of business in New York, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce, and was at all relevant times subject to licensure under the provisions of PACA as a dealer.

6.     Defendant Great Beer is a New York limited liability corporation having its principal place of business in Brooklyn, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce, and was at all relevant times subject to licensure under the provisions of PACA as a dealer.

7.     Defendant Sweet 36 is a New York limited liability corporation having its principal place of business in New York, New York, engaged in the business of buying wholesale quantities of produce in interstate commerce, and was at all relevant times subject to licensure under the provisions of PACA as a dealer.

8.     Defendant T.B. Fulton is a New York limited liability corporation having its principal place of business in New York, New York, engaged in the business of buying wholesale

quantities of produce in interstate commerce, and was at all relevant times subject to licensure under the provisions of PACA as a dealer.

9.    Defendant Hatzigeorgiou is and was an officer, director, member and/or equity holder of Clinton Hall, Dreamy Burgers, Great Beer, Sweet 36 and T.B. Fulton (collectively, the "Corporate Defendants") during the period of time in question who controlled the operations of each of the Corporate Defendants and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

10.    This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

11.    Between May 29, 2018 and March 14, 2020, Plaintiff sold and delivered to Defendants wholesale quantities of produce that had been shipped in interstate commerce or contemplation thereof having an aggregate value of $32,497.24, for which Defendants have failed to pay as follows:

| | |
|---|---|
| Clinton Hall | $2,705.52 |
| Dreamy Burgers: | $7,365.09 |
| Great Beer: | $9,432.57 |
| Sweet 36: | $5,117.34 |
| T.B. Fulton: | $7,876.72 |

12.    Defendants have failed to pay for the goods when payment was due, despite repeated demands, and presently owe Plaintiff the aggregate principal amount of $32,497.24.

13.    At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendants since the creation of the trust.

14. Plaintiff preserved its interest in the PACA trust by issuing invoices to Defendants for each transaction which contain the statutory language required by 7 U.S.C. § 499e(c)(4). Plaintiff remains a beneficiary of the PACA trust until full payment is made for the produce.

15. Defendants' failure, refusal, and inability to pay Plaintiff demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Injunctive Relief)

16. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17. Defendants' failure to make payment to Plaintiff of trust funds in the amount of $32,497.24 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

18. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Make Prompt Payment of Trust Funds)

19. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20. Defendants received each of the produce shipments on which this action is based.

21. Defendants are required to promptly tender to Plaintiff full payment for those shipments pursuant to PACA.

22. Defendants failed and refused to pay for the produce supplied by Plaintiff within the payment terms agreed to between the Parties.

23. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $32,497.24, plus interest from the date each invoice became past due, costs and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT HATZIGEORGIOU
(Unlawful Dissipation of Trust Assets by a Corporate Official)

24. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 23 above as if fully set forth herein.

25. Defendant Hatzigeorgiou is an officer, director, member and/or equity holder who operated the Corporate Defendants during the relevant time period or prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

26. Defendant Hatzigeorgiou failed to direct the Corporate Defendants to fulfill their respective statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

27. Defendant Hatzigeorgiou's failure to direct the Corporate Defendants to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

28. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST
### THE CORPORATE DEFENDANTS
(Failure to Pay For Goods Sold)

29. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 28 above as if fully set forth herein.

30. The Corporate Defendants failed and refused to pay Plaintiff the amount of $32,497.24 owed to Plaintiff for goods received by Defendants from Plaintiff.

31. As a direct and proximate result of the failure of the Corporate Defendants to pay promptly, Plaintiff has incurred damages in the amount of $32,497.24, plus interest, costs and attorneys' fees.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
### THE CORPORATE DEFENDANTS
(Breach of Contract)

32. Plaintiff incorporates each and every allegation set forth in paragraph 1 to 31 above as if fully set forth herein.

33. Each of the Corporate Defendants received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

34. Plaintiff's invoices to the Corporate Defendants constitute valid and enforceable agreements between the Parties.

35. Each of the Corporate Defendants breached the terms of the invoices by failing to timely remit payment for the goods it received from Plaintiff.

36. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

37. As a direct and proximate result of the breach of contract by the Corporate Defendants Plaintiff has suffered damages in the amount of $32,497.24, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST
THE CORPORATE DEFENDANTS**
(Declaratory Judgment that Corporate Defendants Are *Alter Egos*)

38. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 37 above as if fully set forth herein.

39. Upon information and belief, Clinton Hall is the parent entity to which each of the remaining Corporate Defendants remit earnings.

40. Upon information and belief, Clinton Hall controls the operations of each of the remaining Corporate Defendants.

41. Upon information and belief, the officers, directors, members and/or equity holders of each of the Corporate Defendants do not act independently in the interest of those companies, but take direction from the principals or entities that have sufficient capitalization.

42. Upon information and belief, Hatzigeorgiou, controls the operations of each of the Corporate Defendants.

43. The Corporate Defendants use the same banking institutions.

44. The Corporate Defendants use the same or similar trade names.

45. The Corporate Defendants have the same suppliers.

46. The Corporate Defendants have the same registered agent, incorporators and same corporate office.

47. Each of the Corporate Defendants uses the same address for receiving mail, including official documents from the Secretary of State for the State of New York.

48. Upon information and belief, the Corporate Defendants have grossly inadequate capital.

49. Upon information and belief, some of the Corporate Defendants pay the salaries, expenses or losses of the other Corporate Defendants.

50. Upon information and belief, the Corporate Defendants have failed to maintain the corporate formalities.

51. The Corporate Defendants have abused the corporate form to deprive Plaintiff of the PACA trust funds to which it is entitled.

52. The Corporate Defendants are *alter egos* of one another, entitling Plaintiff to recover the PACA debt it is owed from each of the Corporate Defendants, jointly and severally.

## **AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Interest and Attorneys' Fees)

53. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 52 above as if fully set forth herein.

54. PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

55. As a result of Defendants' continued failure to make full payment promptly in the amount of $32,497.24, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests the following relief:

A. On the first cause of action, preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties;

  B. On the second cause of action, judgment against all Defendants, jointly and severally, in the amount of $32,497.24 under the trust provisions of PACA;

  C. On the third cause of action, judgment against Hatzigeorgiou in the amount of $32,497.24 under the trust provisions of PACA;

  D. On the fourth cause of action, judgment against the Corporate Defendants, jointly and severally, in the amount of $32,497.24;

  E. On the fifth cause of action, judgment against the Corporate Defendants, jointly and severally, in the amount of $32,497.24;

  F. On the sixth cause of action, a declaration that the Corporate Defendants are *alter egos*;

  G. On the seventh cause of action, judgment against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

  H. Such other and further relief as the Court deems just and proper.

Dated: June 23, 2020       Respectfully submitted,

              McCARRON & DIESS
              Attorneys for Plaintiff


            By: /s/ Gregory Brown
              Gregory Brown
              576 Broadhollow Road, Suite 105
              Melville, New York 11747
              Phone: (631) 425-8110
              Fax:  (631) 425-8112
              gbrown@mccarronlaw.com